## Mollie Raymond v. Orie Raymond.

(Decided March 1, 1927.)

### Appeal from Harrison Circuit Court.

1.  Divorce.—Where mother, having custody of child, was practicing profession of nurse and husband's net worth was slightly over $5,000.00, allowance for support of child should have been $20.00 per month; $10.00 a month being insufficient.

2. **Divorce.**—Where husband had paid more than $2,000.00 towards support of wife and child during divorce litigation allowance of $1,000.00 alimony, plus cost and attorney's fees, to divorced wife who was graduate nurse held sufficient, where husband's net worth was slightly above $5,000.00.

JOHN J. WILLIAMS and T. E. KING for appellant.

HANSON PETERSON and WADE H. LAIL for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming in part and reversing in part.

At the time of the marriage of appellant and appellee the appellee was about forty-five years of age and the appellant was about thirty-three years of age. They had known each other a long time. Appellee resided with his mother on a farm in Harrison county, his father having died some years before this marriage. His mother had a life estate in a farm consisting of 110 acres and he owned the remainder interest. Appellant and appellee were married on the 24th day of July, 1919, and they lived together until the 18th day of August, 1920, at which time the appellee took his wife to Cynthiana in an automobile and put her out on the street and drove off and left her. She instituted suit against him on the 24th day of August, 1920, wherein she sought alimony. Much proof was taken and the chancellor awarded her alimony in the sum of $30.00 a month and later $20.00 a month for the support of their infant child, which was born after the separation. This judgment was entered in December, 1921.

In August, 1922, appellant filed her amended petition in which she sought a divorce from appellee; that she be awarded a reasonable sum in alimony commensurate with the estate of appellee, and prayed for an allowance for the support of the child. In due course appellee filed his answer and counterclaim in which he denied the allegations of the petition, charging that he abandoned her or that he behaved towards her habitually for not less than six months in such cruel and inhuman manner as to indicate a settled aversion to her or to destroy permanently her peace and happiness. In his counterclaim he seeks a divorce from appellant on the ground that she abandoned him.

It was agreed that the proof taken in the alimony case might be considered in the divorce case. Additional

proof was taken and each party sought to justify his or her conduct. The chancellor, after a consideration of all the matters involved in the suit, rendered a judgment granting a divorce to appellant on the ground of abandonment and dismissing the counterclaim of appellee. The care and custody of the infant child was awarded to the appellant and appellee was directed to pay appellant $10.00 a month for the support of the child until the further orders of the court. Appellant was allowed $1,000.00 in a lump sum as alimony and she was allowed her cost and attorney's fees.

Appellant does not think that the court allowed her a sufficient sum as alimony or that the amount allowed for the maintenance of the child is sufficient.

The chancellor found that both parties were more or less at fault, but sustained appellant's contention that appellee abandoned her and granted her a divorce on that ground. This is one of the unfortunate cases where it appears that the parties should have been able to carry on if there had been sufficient effort on their part. When they married they went to the home of appellee's mother, who owned the home during her life and was entitled to control and manage it. The wife felt that she should have some rights as it was also the home of her husband, and no satisfactory way has ever been found to cause two women to live harmoniously in the same home when each one thinks that she should be in the control of the household. The wife doubtless became dissatisfied and felt that her husband listened to his mother more than he did to her, and she doubtless complained about it, and this led to bickering between the husband and the wife which probably would not have occurred if they had lived in a home to themselves. There can be little doubt from reading this record that appellee deliberately attempted to provoke his wife, and it is equally certain that his wife was probably jealous of him without cause. He stands in no enviable position from this record. He complains because his wife was intensely interested in his spiritual welfare and insisted that he become identified with the church. He refers to this in a spirit of raillery and seems to treat lightly the mission of the church. He took his wife to Cynthiana and abandoned her without any reason appearing in this record why he should have done so. He took her away and left her as a mischievous boy might carry away a kitten to get rid of it from about the place. Some months later, when she learned that she was preg-

nant, having nowhere else to go, she returned to her husband and he refused to receive her, and his studied cruelty to her on this occasion is a record which he should not have placed against himself. She remained at his home for a few days and in order to be rid of her presence he packed his bag and left for the state of Ohio. She was gone when he returned. There are other incidents which could be mentioned which showed that he used language to her which no self-respecting man should use in the presence of his wife. These faults on the part of the husband loom large, but, on the other hand, there is proof in the record that appellant nagged him considerably, and the surest way that a woman can lose her husband is to continually nag him about the ordinary affairs of life when he is engaged in solving the problems incident to his business. It is also in the record that she applied to him epithets calculated to kill the love that any man might have for a woman. She appears to have been sincerely grieved when she learned that he had forced her to leave his home, and she sought the assistance of neighbors in an effort to persuade him to take her back but he refused.

The child was born on the 27th of April, 1921, and while there is no doubt about its paternity or that he is the father of the child, he has shown very little interest in its welfare.

Before her marriage appellant was a graduate nurse, and she appears to have returned to her profession since the separation, but she is handicapped with their child. Necessarily she must have someone to care for the child when she is engaged in the performance of her duties. The allowance which the chancellor made for the support of the child is not sufficient even at this time, and upon the return of this case he should enter an order directing appellee to pay appellant for the support of the child the sum of $20.00 per month until such time as the chancellor believes that sum should be increased.

The amount allowed appellant as alimony is not large and it may appear unreasonably small until we take into consideration that during the progress of this litigation appellee has paid to appellant more than $2,000.00 toward her support and the support of the child. He has also paid considerable sums as cost and attorney's fees for appellant. The chancellor found that his net worth was slightly above $5,000.00. It seems to us that the chancellor placed the valuation on appellee's property

at a lower figure than was justified by the evidence, but, be that as it may, when appellee shall have paid the $1,-000.00 allowed and the interest thereon, together with what he has already paid, it appears to be a fair proportion of his entire estate. Appellant is able to earn her own supports in a large measure, and the allowance which we have directed should be made for the support of the child will help her materially.

On the whole case we have reached the conclusion that the judgment allowing appellant alimony should be affirmed and that portion of the judgment which awards only $10.00 a month for the support of the child should be reversed and the chancellor should increase the allowonce to $20.00 a month.